UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KV RACING TECHNOLOGY LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RACING 78 GmbH, ) <br> ) <br> Defendant. ) <br> ) | Case No. 1:14-CV-17 <br><br> Jury Trial Demanded |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KV Racing Technology LLC, by way of Complaint against Defendant Racing 78 GmbH, alleges as follows:

**THE PARTIES**

1. Plaintiff KV Racing Technology LLC ("KVRT") is a limited liability company incorporated under the laws of the State of Delaware, and having its principal place of business at 4001 Methanol Lane, Indianapolis, Indiana 46268. The members of KVRT are Jimmy Vasser Inc., a Washington corporation (with a principal place of business in Seattle, Washington), and 21st Century Investments LLC, a Delaware limited liability company (with a principal place of business in Alamo, California), whose sole member is Kevin Kalkhoven, a resident of California.

2. Defendant Racing 78 GmbH ("Racing 78") is, upon information and belief, a Swiss Corporation with its principal place of business at Muenstergasse 22, 8200 Schaffhausen, Switzerland.

## JURISDICTION AND VENUE

3.      The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332.  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

4.      Venue is proper in this matter pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district, or, alternatively, because a substantial part of property that is the subject of the action is situated in this district. The relevant agreement between the parties specifically provides that "[i]n the event of any litigation hereunder, the parties submit to the exclusive jurisdiction and venue of the state and federal courts located in Marion County, Indiana."

## FACTUAL ALLIGATIONS

5.      KVRT operates an open-wheel race team that competes in the IZOD IndyCar Series (the "Series") and owns and leases various assets including but not limited to, cars, trailers, tractors, transporters, and timing, fueling and other racing equipment and parts (the "KVRT Assets").

6.      On October 23, 2012, KVRT and Racing 78 entered into a Strategic Alliance Agreement (the "Agreement") in order to share certain funding and the use of certain KVRT Assets so that KVRT could enter two KVRT cars in the Series in 2013, one car to be funded and operated by KVRT, and the other car to be funded and operated by Racing 78.  A copy of the Agreement has not been attached hereto because it contains a confidentiality clause.

7.      Under Section 5 of the Agreement, Racing 78 agreed to pay certain expenses, including expenses defined as "Racing 78 Expenses" (for which Racing 78 was fully responsible) and "Shared Expenses" (for which Racing 78 was 50% responsible).  Racing 78 was

further required to make monthly payments in the amount of $83,483.29 (the "Monthly Payments") in exchange for use of certain KVRT Assets set forth on Exhibit A of the Agreement (the "Allocated Assets").

8. Racing 78 has failed to make payments required under the Agreement and currently owes KVRT an amount in excess of $927,665.34 (the "Past Due Amount").

9. Under Section 14.2 of the Agreement, "if either Party breaches any payment obligation to the other Party under [the] Agreement and does not cure such breach within five (5) business days after written notice from the non-breaching party, then the non-breaching Party may immediately terminate [the] Agreement upon written notice to the other party."

10. On October 10, 2013, KVRT provided Racing 78 with formal written notice that Racing 78 was in breach of its payment obligations to KVRT under the Agreement (the "October Notice").

11. On December 13, 2013, KVRT provided Racing 78 with an additional formal written notice, under Section 14.2 of the Agreement, that Racing 78 was in breach of its payment obligations to KVRT under the Agreement (the "December Notice"). The December Notice provided that if Racing 78 failed to cure its breach and pay KVRT $824,214.46, reflecting the past due amount at that time, by December 23, 2013, KVRT would immediately terminate the Agreement. The December Notice is attached hereto as **Exhibit 1** and incorporated herein by reference.

12. Racing 78 acknowledged receipt of the December Notice but represented that it would not pay the past due amount, or make any other payment, identified in the December Notice.

13. On December 26, 2013, KVRT terminated the Agreement, and provided Racing 78 with formal written notice under Section 14.2 of the Agreement, that because Racing 78 had failed to pay the past due amount identified in the December Notice, KVRT was terminating the agreement effective immediately (the "Notice of Termination"). The Notice of Termination is attached hereto as **Exhibit 2** and incorporated by reference.

14. Racing 78 has still not paid KVRT the Past Due Amount or any other amounts since the December Notice or the Notice of Termination.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

15. KVRT realleges and incorporates by reference paragraphs 1 through 14 inclusive, as if fully set forth herein.

16. KVRT has fully or substantially performed under the Agreement or its performance was excused.

17. Racing 78 has breached its payment obligations under the Agreement.

18. As a result of Racing 78's breaches of the Agreement, KVRT has sustained actual damages in an amount to be proven at trial, likely to exceed $1 million and certainly in excess of $927,665.34.

## SECOND CAUSE OF ACTION
### (Breach of The Implied Covenant of Good Faith and Fair Dealing)

19. KVRT realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 18 inclusive, as if fully set forth herein.

20. In every contract or agreement there is an implied promise of good faith and fair dealing, so that neither party will unfairly interfere with the right of the other party to receive the benefits of the contract.

21. At all relevant times herein, KVRT met all, or substantially all, of its obligations under the Agreement, or was excused from doing so.

22. Racing 78 has unfairly interfered with KVRT's right to receive the benefits of the Agreement.

23. As a result of Racing 78's breaches of the implied covenant of good faith and fair dealing, KVRT has been damaged in an amount to be proven at trial, likely to exceed $1 million and certainly in excess of $927,665.34.

## JURY DEMAND

24. KVRT respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, KV Racing Technology LLC prays:

1. Racing 78 be ordered to pay actual damages according to proof, likely to exceed $1 million and certainly in excess of $927,665.34;

2. Racing 78 be ordered to pay costs, including reasonable attorneys' fees, in accordance with Section 16.1 of the Agreement and California law (the governing law under the Agreement);

3. That KVRT have such other and further relief as is just and equitable.

DATED: January 8, 2014

Respectfully submitted,

s/V. Samuel Laurin III
Clifford E. Yin (*Pro Hac Vice Admission Pending*)
David Mehretu (*Pro Hac Vice Admission Pending*)
COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-cey@cpdb.com
         ef-dxm@cpdb.com

and

V. Samuel Laurin III (Attorney No. 11607-63)
James P. Moloy (Attorney Number No. 1031-49)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone: 317-684-5000
Facsimile: 317-684-5173
Email: slaurin@boselaw.com
         jmoloy@boselaw.com

Attorneys for Plaintiff
KV RACING TECHNOLOGY LLC

2495392