UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KV RACING TECHNOLOGY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:14-cv-17-JMS-DKL |
| | ) | |
| v. | ) | |
| | ) | |
| RACING 78 GmbH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF KV RACING TECHNOLOGY LLC'S
MOTION TO ENLARGE TIME TO SERVE PROCESS ON DEFENDANT**

Plaintiff, KV RACING TECHNOLOGY LLC ("KVRT"), pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, moves for a 90-day extension of time to serve process on Defendant RACING 78 GmbH ("Defendant") up to and including August 6, 2014.  In support of this Motion, KVRT states as follows:

1. On January 8, 2014, KVRT commenced this action.  (Dkt. 1.)

2. On January 9, 2014, the Court issued a Summons as to Defendant.  (Dkt. 8.)

3. In response to the Court's Order to File Jurisdictional Statement, which required KVRT to plead the American business form Defendant most closely resembles (Dkt. 10), KVRT filed an amended complaint (the "Complaint") on January 22, 2014.  (Dkt. 12.)

4. As alleged in the Complaint, Defendant is a Swiss entity most closely resembling an American limited liability company, which has listed its principal place of business at Muenstergasse 22, 8200 Schaffhausen, Switzerland.  Its members are Simona DeSilvestro, a

citizen of Switzerland, and Pierre Luigi De Silvestro, a citizen of Switzerland.  (Dkt. 12 ["Compl."] ¶ 2.)

5. Prior to the commencement of this action, KVRT obtained information that Defendant could not be served at its listed principal place of business in Switzerland.  On December 13, 2013, KVRT sent Defendant a formal written notice via email and Federal Express delivery to Muenstergasse 22, 8200 Schaffhausen, Switzerland (the "Switzerland Address"), which address Defendant provided to KVRT in the normal course of business for sending business correspondence to Defendant.  (Compl. ¶ 11 & Ex. A.)  On December 26, KVRT sent Defendant another formal written notice via e-mail and Federal Express delivery to the Switzerland Address.  (Compl. ¶ 13 & Ex. B.)  Both notices were returned undeliverable by Federal Express.

6. KVRT retained a private investigator to determine an effective service address for Defendant.  The private investigator spoke with two tenants in the building located at the Switzerland Address, one of whom informed the private investigator that he had never heard of Defendant, and that there were no law firms or mail services in the building.  The private investigator has, to date, been unsuccessful in providing an effective service address for Defendant.

7. After the foregoing attempts to identify an effective address for service of process on Defendant proved unsuccessful, KVRT began attempting to locate when and where one or more of Defendant's officers, members, or authorized agents might be present in the United States in order to effect personal service within a judicial district of the United States on one of Defendant's officers pursuant to Rule 4(h)(1)(B) of the Federal Rules of Civil Procedure.  KVRT continues its efforts to serve process on Defendant.

8. Federal Rule 4(m) provides that process must be served on a defendant within 120 days after the complaint is filed. Rule 4(m), however, expressly does not apply to service in a foreign country under Rule 4(f). *Cargill Ferrous Int'l v. M/V Elikon*, 154 F.R.D. 193, 196 (N.D. Ill. 1994) (denying motion to dismiss for failure to effect or attempt service within 120 days, explaining that "service in a foreign country is not subject to the 120–day time limit"); *Lucas v. Natoli*, 936 F.2d 432, 433 (9th Cir. 1991) (holding that 120-day requirement under the substantially identical predecessor to Rule 4(m) did not apply to foreign defendant, rejecting argument that the plaintiff must at a minimum "attempt" service in the foreign country).

9. Moreover, under Rule 4(m), the court must extend the time for service for an appropriate period if a plaintiff shows "good cause." Fed. R. Civ. P. 4(m). "Good cause" means a "valid reason for delay." *Coleman v. Milwaukee Bd. of Sch. Directors*, 290 F.3d 932, 934 (7th Cir. 2002). Good cause is established if a plaintiff "show[s] reasonable diligence in his efforts to serve the defendant." *Doffin v. Ballas*, 2:12-CV-441 JD-PRC, 2013 WL 3777231 (N.D. Ind. July 18, 2013).

10. KVRT has been reasonably diligent in attempting to serve Defendant. KVRT has made numerous attempts to contact Defendant about the subject matter of this action. It investigated the possibility of serving process in Switzerland but determined that the Switzerland Address was invalid. Its private investigator has, to date, not located an official alternate address for Defendant. Thereafter, KVRT has been diligently attempting to locate when and where one or more of Defendant's officers will be present in the United States in order to attempt to effect personal service on an officer. KVRT sought an amended summons on April 9, 2014 for this very purpose. (Dkt. 14.)

11. Accordingly, although service on Defendant, as a foreign entity, is not constrained by Rule 4(m)'s 120-day period, good cause nonetheless exists here justifying an extension of time to serve process on Defendant until August 6, 2014.

12. KVRT will provide an update to the Court on its service efforts by July 21, 2014, and in the event that KVRT successfully completes service on Defendant prior to August 6, 2014, KVRT will promptly file a proof of service.

WHEREFORE, KVRT respectfully requests that this Court enter an Order granting a 90-day extension of time from May 8, 2014 (which is 120 days from the date the initial complaint was filed), to serve process on Defendant up to and including August 6, 2014.

DATED:  May 2, 2014                    Respectfully submitted,


 s/ David Mehretu
Clifford E. Yin (*Admitted Pro Hac Vice*)
David Mehretu (*Admitted Pro Hac Vice*)
COBLENTZ PATCH DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone:  415.391.4800
Facsimile:  415.989.1663
Email: ef-cey@cpdb.com
          ef-dxm@cpdb.com

and

V. Samuel Laurin III (State Bar No. 11607-63)
BOSE MCKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
Telephone:  317.684.5462
Facsimile:  317.223.0462
Email: slaurin@boselaw.com

Attorneys for Plaintiff
KV RACING TECHNOLOGY LLC